IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **OnSomble, Inc.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:16-cv-493 |
| | ) | |
| **Maria O'Rourke,** | ) | Judge Crenshaw |
| | ) | Magistrate-Judge Newbern |
| Defendant. | ) | |
| | ) | |

**Defendant's Response in Partial Opposition to Plaintiff's Motion for Oral Argument**

In seeking oral argument for Defendant's Motion for Determination of Privilege (Doc. 77), Plaintiff sets forth one bad reason and one good reason. Since the scope of the requested oral argument depends on which reason (if either) the Court chooses, Defendant partially opposes the motion, as follows: A judicial conference should only be held to determine the scope the subject-matter waiver (if any) resulting from Plaintiff's waiver of privilege respecting Exhibits 1, 2 and 3 to Defendant's Motion for Determination of Privilege, but only if the Court finds there has been a waiver caused by Plaintiff's production of the documents in this action. Plaintiff's Motion to Request Oral Argument (Doc. 96) should be denied in all other respects.

To the extent Plaintiff wishes to make new arguments against Defendant's Motion for Determination of Privilege, that time has passed. Plaintiff has already submitted a response in opposition, together with two declarations of persons with knowledge of the underlying facts (Doc. 85). Plaintiff did not request additional time to oppose Defendant's motion.

1

To the extent that Plaintiff is expressing concern about the "ripple effects" caused by the Court's granting Defendant's Motion for Determination of Privilege, Plaintiff's Motion to Request Oral Argument might have some merit. Plaintiff appears to be concerned about subject-matter waiver: that, if Plaintiff is found to have waived privilege in the documents at issue by producing them in this action, it might also have waived privilege with respect to the subject matter of the documents at issue. This is a genuine concern, and the undersigned confesses that it is not one he considered when crafting the relief he sought on Defendant's behalf. A judicial conference dedicated to crafting an equitable order might be helpful.

It should be stressed, however, that waiver was only one of two grounds on which Defendant sought a determination that the documents at issue are not privilege. Defendant argued that the documents were not privileged to begin with, because they had been forwarded at the time to a person who was not an appropriate recipient of attorney-client communications and because the communications at issue were not for the purpose of securing legal advice. If the Court grants Defendant's Motion for Determination of Privilege on this basis, there is no risk for subject-matter waiver, and a judicial conference would be unnecessary.

WHEREFORE, Plaintiff's Motion to Request Oral Argument should be denied, except to the extent necessary to limit subject-matter waiver should the Court find that Plaintiff waived the privilege by producing the documents at issue in this action.

s/Richard G. Sanders/
Richard G. Sanders (Tenn. BPR No. 23875)
Paul R. McAdoo (Tenn. BPR No. 34066)
AARON & SANDERS, PLLC

2

810 Dominican Dr., Ste. 208
Nashville, TN 37228-1906
(615) 734-1188
Fax: (615) 250-9807
rick@aaronsanderslaw.com
paul@aaronsanderslaw.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing RESPONSE TO PLAINTIFF'S MOTION TO REQUEST ORAL ARGUMENT is being filed and will be furnished via CM/ECF on this the 21st day of July, 2017, to:

Edward D. Lanquist, Jr.
Scott M. Douglass
Patterson Intellectual Property Law, P.C.
Roundabout Plaza, Ste. 500
1600 Division St.
Nashville, TN 37203

                                            s/Richard G. Sanders
                                            Attorney for Defendant